Elliot Gale (WI Bar #1119904)
egale@gajplaw.com
Gale, Angelo, Johnson, & Patrick, P.C.
1430 Blue Oaks Blvd., Ste. 250
Roseville, CA 95747
916-290-7778 ph
916-721-2767 fax

Attorney for Plaintiff
Tamara Hall

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Tamara Hall<br><br>   Plaintiff,<br><br>v.<br><br>LJ Ross Associates, Inc.<br><br>   Defendant. | CASE NO. 2:23-cv-01525<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Telephone Consumer Protection Act<br>2. Violation of the Fair Debt Collection Practices Act<br>3. Violation of the Wisconsin Consumer Act |

COMES NOW Tamara Hall (hereinafter "Plaintiff"), an individual, based on information and belief, alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers, the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and for violations of the Wisconsin Consumer Act (hereinafter "WCA") under Wis. Stat. § 427, *et seq.*, for Defendant's unlawful conduct.

1

2. Plaintiff brings this action against Defendant LJ Ross Associates, Inc. (hereinafter "Defendant" or "LJRA") for its abusive and outrageous conduct in connection with debt collection activity.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

5. The FDCPA was designed to prevent abusive and deceptive collection practices by debt collectors. The purpose of the FDCPA was to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692.

6. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a).

7. The FCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantages, and to promote uniform State action to protect consumers against debt collection abuses." 15. U.S.C. § 1692(e).

8. The FDCPA, under 15 U.S.C. § 1692g(a) requires disclosure of certain information either in a debt collector's initial communication or within five days after the initial communication.

9. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION & VENUE

10. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, 47 U.S.C. § 227, and 15 U.S.C. § 1692k(d).

11. This venue is proper pursuant to 28 U.S.C. §1391(b).

12. Defendant LJRA Funding LLC is a debt collector that collects on consumer debts throughout the United States, including the State of Wisconsin.

## GENERAL ALLEGATIONS

13. Plaintiff is an individual and "consumer" as defined by 15 U.S.C. § 1692a(3).

14. At all relevant times herein, LJRA was a company engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and "debt" as defined by 15 U.S.C. § 1692a(5).

15. Defendant is a debt collector as defined pursuant to Wis. Stat. §427.103(3)(h) as it engaged in the collection of Plaintiff's debt personally.

16. At all relevant times, Defendant LJRA acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17. Plaintiff believes that LJRA was collecting on an account that did not originate with LJRA.

18. LJRA did not disclose to Plaintiff the name of the original creditor to Plaintiff during its collection calls.

19. LJRA has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" and as defined by 15 U.S.C. § 1692a(5).

20. LJRA was either hired by the original creditor or bought Plaintiff's underlying debt from the unknown original creditor.

21. LJRA, at some point, assumed control of the debt and began contacting Plaintiff in September of 2022 to inquire about the status of the loan and to collect on the payments that were no longer being made.

22. LJRA did not disclose who it was collecting on behalf of and simply indicated that Plaintiff owed LJRA money.

23. Plaintiff retained counsel to assist in dealing with the LJRA debt and collection efforts as well as to seek some type of financial relief.

24. LJRA was informed in August of 2022 that Plaintiff was represented by an attorney and did not consent to ongoing contact, including any collection calls placed with an artificial voice or that left pre-recorded messages.

25. Defendant LJRA continued to contact Plaintiff after it received the August 2022 letter of representation and revocation of consent.

26. Defendant would call Plaintiff and demand payment on the delinquent account.

27. An artificial voice and/or pre-recorded messages were left on Plaintiff's cellular telephone.

28. Frustrated, a second notice was sent to LJRA in November of 2022 again informing it of Plaintiff's representation by counsel and revocation of consent regarding calls placed with an artificial and/or pre-recorded voice.

29. Despite two notices being sent to LJRA, LJRA continued its collection efforts.

30. A third, certified notice, was sent to LJRA in October of 2023 as the collection calls were relentless and Plaintiff was extremely annoyed and frustrated with the ongoing harassment.

31. Undeterred by the three notices, LJRA continued to place collection calls to Plaintiff.

32. LJRA also failed to identify the original lender.

33. Defendants calls and collection notices were frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney.

**FIRST CAUSE OF ACTION**
(Violation of the FDCPA)
(15 USC § 1692c(a)(2))
(Against LJRA)

34. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

35. Defendant was informed in August of 2022, November of 2022, and October of 2023 that Plaintiff was represented by an attorney with respect to Plaintiff's account.

36. Defendant continued to contact Plaintiff after it was informed, three times, that Plaintiff was represented by an attorney.

37. Plaintiff's attorney did not consent to Defendant continuing to contact Plaintiff.

38. Defendant contacted Plaintiff in connection with collecting on the debt despite knowing that Plaintiff was represented by Counsel and that counsel instructed Defendant specifically not to contact Plaintiff.

39. Defendant's conduct was in violation of 11 U.S.C. § 1692c(a)(2).

**SECOND CAUSE OF ACTION**
(Violation of the FDCPA)
(15 USC § 1692e(11))
(Against LJRA)

40. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

41. LJRA failed to identify the originating creditor it was collecting on behalf of and did not inform Plaintiff of the identity of the original creditor.

42. Defendant's conduct was in violation of 11 U.S.C. § 1692e(11).

**THIRD CAUSE OF ACTION**
(Violation of the FDCPA)
(15 USC § 1692g(a))
(Against LJRA)

43. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

44. LJRA refused to provide Plaintiff with any information regarding the nature of the debt.

45. LJRA did not identify the original creditor in the notices/calls that were received by Plaintiff.

46. LJRA did not inform Plaintiff of the amount of the debt.

47. Defendant's conduct was in violation of 11 U.S.C. § 1692g(a).

**FOURTH CAUSE OF ACTION**
(Violation of the TCPA)
(47 USC § 227)
(Against LJRA)

48. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

49. LJRA was informed in August of 2022, November of 2022, and October of 2023 that Plaintiff was revoking consent to be contacted by LJRA and / or receive pre-recorded messages.

50. LJRA frequently called Plaintiff after Plaintiff withdrew is consent to be contacted by artificial / pre-recorded messages.

51. LJRA would contact Plaintiff daily regarding payment on the account at issue.

52. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

53. All calls placed by LJRA to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

54. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

55. Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by an automatic dialing machine on three separate occasions.

56. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(B).

## FIFTH CAUSE OF ACTION
(Violation of the WCA)
(Wis. Stat. § 427)
(Against Defendant LJRA)

57. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

58. Section 427.104(1)(h) of the WCA States:
In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction….a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer.

59. Defendant violated section 427(104(1)(h) by engaging in harassing conduct in contacting Plaintiff repeatedly after being informed by Plaintiff she was represented by counsel.

60. It was unfair for Defendant to relentlessly contact Plaintiff through means of numerous phone calls when Plaintiff notified Defendant to cease calling.

61. Defendant ignored Plaintiff's demands and continued to systematically place calls to her cellular telephone without her prior consent and especially after Defendant revoked her consent to continue to be called.

62. Defendant engaged in harassing behavior by placing voluminous calls to Plaintiff.

63. The intent of placing such a large number of harassing calls was to compel Plaintiff into making a payment on the account.

64. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior engaged in by Defendant.

65. Section 427.104(1)(j) of the WCA further states:
> In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction….a debt collector may not….claim, or attempt to threaten to enforce a right with knowledge or reason to know that the right does not exist.

66. Defendant violated section 427.104(1)(j) by continuing to place calls to Plaintiff's cellular telephone after Defendant was informed that Plaintiff revoked her consent to be contacted by Defendant as Plaintiff was represented by counsel and indicated she no longer authorized calls to be placed to her cellular telephone.

67. Defendant should have known that it did not have the right to continue harassing Plaintiff with collection phone calls.

68. Defendant's conduct was outrageous, willful, and wanton, and showed a reckless disregard for the rights of Plaintiff.

69. Defendant acted in defiance of Plaintiff's letter of attorney representation and revocation of consent and the demands that were conveyed to Defendant to stop contacting Plaintiff.

70. The high volume of calls placed by Defendant to Plaintiff was an attempt by Defendant to harass Plaintiff into ultimately submitting to making a payment on the account.

71. Defendant contacted Plaintiff repeatedly after receiving Plaintiff's notice that she was not to be called any more, that she had retained an attorney to represent her with respect to the Kohl's account, and that she revoked her consent to be contacted by an ATDS and by pre-recorded voice.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury for all issues of fact triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation.

b. Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

c. An award of statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

d. An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(3);

e. Awarding Plaintiff actual damages pursuant to § 427.105, in an amount to be determined at hearing.

f. An award of costs and attorney's fees pursuant to § 425.308(1)-(2).

g. An award of actual damages as proven at trial

**Gale, Angelo, Johnson, & Patrick, P.C.**

Dated: November 14, 2023          By:   */s/ Elliot Gale*
                                        Elliot Gale (WI Bar #1119904)
                                        Attorney for Plaintiff